15 St. Matthew's Parish, New Orleans, N.Y.       27th St. Louis, N.Y. 1792, Monk v. McDonough, Ms. Hsu. Good morning, Your Honors, and may it please the Court. I am Julia Hsu, appearing on behalf of Appellant Conley Monk, Jr., who is with us in court today. Mr. Monk, would you please rise? Thank you. Welcome to the Court. The question today is whether the Court of Appeals for Veterans' Claims, like other courts, may aggregate claims through their always-act authority or their inherent powers. Could I back you up just a moment? The briefs talk about systemic delays in the processing of disability claims. But when I go back to the complaint, it seems to me that the complaint is addressing something much narrower. It's addressing a specific period of delay from the time that a notice of disagreement is filed to the filing of the statement of the case. Is my understanding of the complaint correct? Your Honor, yes. In that sense, the petition for mandamus had a suggestion for a proposed class based on a particular time of delay and particular medical and financial circumstances. However, because the CAVC's ruling was a broad rule of law that it could not aggregate under any appropriate circumstances or any circumstances at all, the briefs have focused instead on the authority of the court to be able to do so in appropriate circumstances. Well, I think that the nature of the claim is relevant to the question of certification. Because, for example, the government argues that when you get before the board, that there's a difference from one claim to another because there may be new evidence put in. But in fact, you're confining yourself to the specific period of time between the notice of disagreement and the filing of the statement of the case, correct? In the petition, yes, Your Honor. However, because the CAVC made no factual determinations about the class and did not consider class certification, it summarily denied it on the basis of its precedent on that broad rule of law. We request that that rule of law be reversed and the case be remanded to the CAVC for it to consider whether that is the appropriate class in these circumstances. Because the CAVC's rule of law prohibits for it- Well, you asked for what you asked for, so we have to consider it on the basis of what you asked for, right? Your Honor, as to the particular rule of- the question on appeal is the rule of law that it has- Well, they're making other arguments. They're saying there's no point in sending it back because there's no appropriate class to be certified. Now, whether or not we're going to consider that is an open question. I'm just saying we have to live with the complaint that you filed for present purposes. You certainly agree, don't you, that the mootness issue has to be addressed, right? Yes, Your Honor. However, we believe that the case is not moot for two reasons. The first is that the named plaintiff can continue to litigate the denial of class certification even after the individual claim has been mooted as per the Garrity line. And the second is that Mr. Monk separately qualifies for three exceptions to the mootness doctrine, capable of repetition yet evading review, inherently transitory, and the pick-off exception. Under all of these four reasons- I think the pick-off exception maybe is gone now in the light of Supreme Court decision genesis or whatever the name of it is. But what is his status? What's happening with the processing of his claim? He's claiming that the date for which he's getting benefits is the wrong date. It should be February instead of July. Is that correct? Yes, Your Honor. And what's happening with that now? The notice of disagreement is pending before the VA. So that is currently where Mr. Monk stands on his individual claim. As for genesis, if I might briefly address that, Your Honor, genesis pertains to the specific statutory regime of the Fair Labor Standards Act, which requires a motion for conditional certification and decision there before full class certification. Because the individual claim was mooted before conditional certification, there was no denial of class certification, as is the case here. And the Supreme Court in Campbell-Ewald v. Gomez recently declined to extend genesis beyond the FALSA regime. As for Mr. Monk's personal individual claim, the rationale behind Garrity as to the continuation of litigation of class certification still applies in this circumstance. Mr. Monk still retains a personal stake in the litigation due to his effective date NOD, and his commitment to the case is indicated through his presence in court today. The question he raised, that gave rise to this appeal, that's been decided, correct? I'm sorry? The question in his complaint that he raises, that's been decided. As to the individual claim, but the class claims were never considered. You're saying there's a lingering claim, but the question that's a subject of the complaint has already been determined. As to his individual claim, but as to the class claims, the CABC never considered the suitability of Mr. Monk's proposed group because of that broad rule of law. It concluded that it didn't have the authority to aggregate under any circumstances, and without that authority, it could not have exercised any discretion to consider whether Mr. Monk's proposed class was appropriate. Well, that's a fair point, but that doesn't address the mootness question, which you agree that we have to decide. It's a jurisdictional question. Yes, Your Honor, and that Mr. Monk does qualify for three mootness exceptions, as well as the continuation of litigation of denial of class certification under Garrity. As to the capable of repetition yet evading review, there's a reasonable expectation that the offending behavior Mr. Monk will experience again, that the claim is inherently transitory, does meet both of his requirements, as outlined in Gerstein v. Pew and Olson v. Brown, that there is an uncertainty that the claim would remain live enough for class certification to be fully litigated, and that there's a constant class of petitioners. There are thousands of veterans who are mired in similar delays of, on average, four years within the appeals system. Well, not four years from the NOD to the SOC, right? Not from the NOD to the SOC, but from the NOD to reaching a BVA decision that could bring them before the SOC. Okay, but we've got to deal with the complaint that you file, which is just dealing with a specific period of time. Yes, Your Honor, but that question could be more fully briefed before the CAVC, and if it is reversed, that it does have the authority to aggregate, it could. The complaint, for example, goes from the NOD to the decision. I apologize. On paragraph 43 of the complaint, it explains that it is considering the time period from the NOD to the decision. Which decision? Does the decision reflect in the statement of the case? The decision at the BVA. And my apologies, Your Honor, for previous confusion. Can you repeat what you just said? What's the confusion? That in the complaint, we did consider the outline of the class to be from the time period from the NOD to receiving a decision from the BVA as to their appeal. And so all of these veterans who are within the system are similarly stuck waiting for a decision for the BVA, who would also fall within that constant class of petitioners. And furthermore, other courts frequently aggregate through the All Rights Act and their inherent powers. Veterans should not be the only class of public benefits recipients to be precluded from aggregating claims for resolution. Let's assume that we're favorable to finding that there's authority to entertain class action suits in the veterans' process. Do the circumstances of this case support that? I mean, I'm troubled with finding in one way, but then finding that the circumstances in this case just don't support us making that decision. Your Honor, the circumstances of this case do support that decision. Not only is the case not moot for the four reasons that I outlined previously, but... Forget about mootness right now. But the ability of the CAVC to consider these claims was not... It did not consider itself to have that ability, so the pleadings and briefings were not sufficient as to that fact. It should be remanded so that the CAVC can consider what the appropriate class would be, what an appropriate standard would be. It has not previously articulated any standard because it does not believe it has such authority. So once it does articulate a standard, litigants can brief fully as to the aspects that it does choose to be the test for appropriate aggregation. And in that sense, the CAVC can then determine whether this would be an appropriate class. We think that on the basis of the petition for mandamus, that there is sufficient reason to certify a class in this instance. But that would be a question for the CAVC on remand once it has articulated a standard that litigants can then effectively plead. And furthermore, it could conduct pre-certification discovery, appoint special masters, do other things to consider whether the proposed class and the proposed requested relief would be appropriate. But that would be a question to be reached after the rule of law has been reversed and it can then articulate an appropriate standard. Okay. Now, you've divided your time with your colleague, or is that for the argument in chief? That's divided. For the rebuttal. I'm reserving the remaining time for rebuttal, Your Honor. Okay. Just looking at your complaint, J.H. 22, I think your first statement of the relief that you sought was correct, and your correction is not correct. Because it talks about the day road, that is, the regional offices extensive delay in failing to render decisions. That's not a board. That's not addressed to the board's delay. It's addressed to the regional office delay in filing a statement of the case. Yes, Your Honor. In paragraph 43, when we define the proposed group, we state on J, page 18. J what? J, page 18. J18. In paragraph 43, that the proposed aggregate group includes all veterans who applied for VA disability benefits and have timely receipt, filed an NOD upon denial of their initial application, and have not received a decision within 12 months, whether the veteran elected a DRO hearing or proceeded directly to a BVA appeal. So we are considering the timeline from the notice of disagreement through to a final decision by the BVA. I recognize that my time is up. Okay. But if Your Honor is happy to proceed. Thank you. Okay. Ms. Kaprowski. Good morning, Your Honors, and may it please the Court. Agatha Kaprowski for the government. As Mr. Monk's counsel has just conceded, Mr. Monk's individual claim is moot. And so the first question for the Court to decide is whether or not one of the very narrow exceptions Well, I don't think they conceded that. They said that he meets the capable repetition yet evading review standard because he has another claim. Which would present the same question. Well, I believe It has been never a contention that this particular claim isn't moot. It's that he's going to have another claim in relation to this which will be affected by the problem. I apologize if I was inarticulate, Your Honor. That question is whether or not an exception to the mootness doctrine applies. Counsel for Mr. Monk just responded to Judge Reyna's question that his individual claim that he brought his petition on is moot. And there are a few narrow exceptions to the mootness doctrine. And one of the exceptions that counsel has raised is Garrity. In Garrity, the Supreme Court determined that the names plaintiff in a Rule 23 class under Rule 23 had a procedural right to appeal the denial of class certification. They did not extend that claim anywhere beyond Rule 23. And indeed, in Genesis Healthcare in 2013, they refused to do so. Counsel, I believe, has referred the court to Campbell Ewald claiming that in that decision, the Supreme Court did not extend Genesis beyond FLSA. But what Campbell Ewald did was answer an unanswered question in Genesis. That is whether or not an unaccepted Rule 68 offer of judgment moots an individual plaintiff's claim. And the court determined that an unaccepted offer consistent with its decision in Roper did not moot the individual plaintiff's claim, which is completely different than what we have here. Let me back up a moment. Yes. Because you characterized the decision that we're reviewing here in a way that I don't recognize. It seems to me pretty clear that the Court of Appeals for Veterans Claims said it was without authority to certify a class. And do you dispute that there is authority to certify a class in appropriate circumstances? As we explained in our brief, the Veterans Court has aggregated claims. And there is a difference between – You're not answering my question. I understand. Do you dispute that the Veterans Court has authority to certify a class in appropriate circumstances? The Veterans Court may, under appropriate circumstances, adopt some sort of class action mechanism, which is currently not before the Court. What I would dispute with counsel's representation of what the Veterans Court said is Mr. Monk has argued that the Veterans Court – So if we accept the fact that the Veterans Court declined to certify a class on the ground that it lacked authority, that's reversible error? No, Your Honor, I would disagree. The Veterans Court stated that if you look at the statements – excuse me, if you look at the – You're not accepting my hypothetical. My hypothetical is if we read the Veterans Court decision as resting on a lack of authority, that's reversible error. A lack of authority to aggregate under any circumstances would be reversible error. Lack of authority to adopt the class action mechanism that Mr. Monk has proposed would not be reversible error. And I don't think it's a fair articulation of the Veterans Court decision to say that the Veterans Court decided it lacked any authority to aggregate cases under any circumstances. Indeed, in the exact same opinion – Well, this isn't – I'm looking at ADD 3, page 3 of the opinion. It says this Court determined on Bonk and Lefkowitz and Harrison that lack of authority to establish a class action procedure and to do so would be unwise and unnecessary. In absence of such authority, none of the arguments matter. So he dismisses all the arguments and says, I don't – we decided we don't have any authority. Do you agree or disagree with that statement? I think that the Lefkowitz and Harrison's decisions, as they stated in those decisions, decided that they had no authority to adopt the class action mechanisms as proposed in the – I'm asking you about the decision of Judge Hagan, where he says that there is no authority. In absence of such authority, and that's to establish a class action procedure, do you agree or disagree with that statement? I believe that that is consistent with Veterans Court precedent, and that a single judge of the Veterans Court probably does not have the authority to establish that whole clause – Does the government agree or disagree with that statement? – that absence of the authority to establish a class action mechanism would be outside Judge Hagel's authority? Does – I'm not – Is there authority to establish a class action procedure? Does a court – does a Veterans Court have authority to establish a class action procedure? That was left open in the Harowitz and Lefkowitz decisions. It doesn't have the authority. It's not open. It's closed in that decision. It's very important to know the position of the government with respect to that statement. In some – I apologize, Your Honor, if it seems like I'm pushing – The answer is yes. You don't – the answer is yes. They do have the authority. You don't dispute it. We don't have – we don't dispute that there's – You're trying to read the Veterans Court decision in a way that seems to me to contradict what it said on the face of the decision. Well, Your Honor – But I don't want to argue with you about it. Yes. If they said we lack – we're not doing this because we lack authority, that's wrong, right? It would be wrong if it's the abstract authority under the AWA. It would not be wrong to say we lack the authority to provide the relief that Mr. Monk has requested, which is a very specific – That isn't what they said. Pardon? You know what they said. I – They made a very specific statement about the authority of that court. Well, they made a very broad statement about the authority of that court based on Harrison and Lefkowitz, which were decided on the basis of the decisions that were before the en banc courts in those decisions. I would also note that in the exact same decision, just a few lines down from that statement about the authority, the Veterans Court considered the motion for joinder by Mr. Van Allen, a motion that Mr. Monk opposed. Now, joinder is clearly a form of aggregation. If the Veterans Court really believed that it had no authority under any circumstances to ever aggregate claims, it would have no reason to separately address Mr. Van Allen's motion for joinder. Well, it seems to me that's what Judge Hagel decided. And I think it's pretty clear on the face of his decision that that's his view, and that's what – and Mr. Monk was now shut out. And I don't understand why you waffle so much on this. We're just asking you whether the Veterans Court has the authority or not to institute or entertain a class action procedure. If there is a procedure that would fit with the statutory mandates of – yes, it would. The answer is yes, it does have the authority. With that caveat, I don't think it has a blanket authority to – Obviously, they're not going to do it in all cases where you have to establish the right to a class action procedure. But you do agree that the court does have the authority to establish such a class action procedure. In the abstract, yes, it has the authority. All right. Which is why this Court needs to determine, first off, whether or not this case falls into one of the narrow exceptions of Moonis. Mr. Monk has argued that it's capable of repetition yet evading review. But Mr. Monk seems to ignore that these cases are routinely reviewed both by the Veterans Court, delay claims are reviewed, and by this Court. And this Court does not often review cases of delay claims for writ of mandamus because they are removed. This Court often decides them either on the merits or dismisses for lack of jurisdiction because they were decided on facts, which is inconsistent with Mr. Monk's assertion that these somehow evade review. Mr. Monk is simply making that assertion absent any evidence on the record, absent any – But if this were a Rule 23 case, let's assume that this would satisfy the inherently transitory exception, correct? If this were a Rule 23 case, Mr. Monk would maintain a personal stake in the litigation pursuant to Garrity. This is not Rule 23. Why is this different from Rule 23? Because the Supreme Court was very clear in Garrity that Rule 23 provides a procedural right. Mr. Monk has not pointed to any procedural or substantive right that he possesses, giving him a personal stake and a concrete interest in this litigation. The All Writs Act, for whatever authority it may give to the Veterans Court, confers no authority and no personal stake to Mr. Monk. How do we know that? How do we know that the All Writs Act? If there's a class action certified or refused to be certified under the All Writs Act, why does he lack the same kind of personal stake that a Rule 23 plaintiff has? Well, Rule 23 is subject to the Rules Enabling Act and therefore has the power of statute. There's no – and it confers specific rights to the named plaintiff. There's just no corollary here. If you – do you have a follow-up question, Your Honor? No. Okay. Well, I think that the court ignored Mr. Monk's arguments concerning Rule 23 on the basis that it said we have no authority anyway, so it doesn't matter. It basically says that. It says that Mr. Monk's arguments to consider would be unwise and unnecessary. Well, we believe a fair reading of the order is that it had no authority to consider the class action mechanism as proposed by Mr. Monk. So do you disagree now with that? I mean, today, in open court, you agree that the court does have the authority to entertain class action suits. Under appropriate circumstances. And that is what the court said in Harrison, and that is what the court said in Lefkowitz. And Judge Hagel was bound by the decisions in those courts. And it's important to – as Judge Steig was pointing out to counsel earlier, it is important to understand exactly what Mr. Monk was asking the court to do. Mr. Monk was asking the court to set a time limit after which, following an NOD, after which, if claims had not been decided, summarily all veterans having waited a certain amount of time would have either a summary grant of their benefits or certification to the board. A summary grant of their benefits would be outside the statutory authority of the VA because it would – How do you know? You're saying that because he might not succeed in the request, therefore, there's no authority to entertain it? I'm not sure I understand your question. Can you repeat it? You're saying that what he was requesting in the class action is something to which the government would object or that was overreaching or whatever issue might come up. But you're saying, therefore, there's no authority? That the – Or are you discussing the merits? The Veterans Court recognized that the mechanism as proposed by Mr. Monk in his petition was not something he was able to grant Mr. Monk. No, the Veterans Court said it had no authority to make that decision. Which, if you read in context of Harrison and Lefkowitz, is cabin to the mechanisms as proposed in those petitions, just as Judge Hagel's decision is cabin to the mechanism proposed in Mr. Monk's petition, which would be a broad grant of summary benefits to any veteran who simply waited a long time between his NOD and any determination on this case. It's a little unclear whether it was simply a statement of the case or something else. But either way, that would be outside the VA's authority. So why is it – let's put aside the question of basic authority to have a class, which you concede. Let's put aside the question of movements, which we've talked about. Why is it inappropriate to have a class challenging the delay between the NOD and the SOC? Because this is really a question for the legislature. Because under the current statute – But in terms of general class action practice, what's the matter with that? Why is that an inappropriate class? There's no commonality between the class. There's nothing linking these classes together except for – Commonality is the delay that occurs. Well, that's the effect. But there's nothing in particular that Mr. Monk has pointed to in his petition or in his papers linking these classes together. Under Veterans Court law, it must be an action that amounts to an arbitrary refusal by the Secretary to act. There's nothing here except an overburdened system, which as a matter of precedent under the Veterans Court, under Costanza, is not sufficient to entitle a petitioner to a right of mandamus relief. So that's your basic point, is you can't get relief in a class action against an overburdened system. And that would be consistent with Veterans Court precedent, yes, Your Honor. And that's distinguishable from, for example, the Rivaldo case in which Mr. Rivaldo challenged a memorandum issued by the Secretary identifying certain cases that it linked together and refusing to act on those cases. And the Veterans Court determined that the Secretary did not have the authority to arbitrarily stay those cases and move along with others. And in that instance, the Veterans Court did afford some sort of class relief, even if not in the form of a formal class action mechanism, which seems to be what Mr. Monk is really asking for. Unless Your Honors have any other questions. Okay, thank you. Thank you, Ms. Kaprosky. Mr. Giammatteo. Thank you, Your Honors. I'd first like to return to the concession the government just made on the authority. If the CAVC does indeed, as the government says, have the authority, then this case should just be remanded. Well, we've got to decide movements, don't we? Sure. And the government mischaracterized the standards. Your question, Judge Dyke, is exactly on point. Inherently transitory applies if there hasn't been a denial of class certification. Garrity, Roper, those cases apply if there has been a denial of class certification, as there has been here. Apparently they argue about that. They're saying that the Rule 23 standards of Garrity don't apply to whatever class authority exists under the All Writs Act. Of course, Your Honor. But that speaks to exceptions that aren't tied. The exceptions to mootness, inherently transitory, capable of repetition and evading review, that are well outside of the Rule 23 context that apply to any plaintiff. In a class context, inherently transitory, it requires that there be a class of currently suffering people. The government also mischaracterizes the timeline. The timeline is, for inherently transitory and for the capable of repetition and evading review, would be the moment from mandamus filing to the Secretary's response. The Secretary responds very quickly, as the CAVC has noted in Young v. Shinseki. And this Court's appellate review of those would be seriously frustrated. If the government could continually just respond and moot out the question, we'd never be able to certify a class in the normal course of litigation or any questions that arose in appeal. We'd never be decided because the individual named plaintiff would just keep being mooted. So it flies out of the exception. Could you just spend a moment addressing their argument that a class action challenging delays that are inherent in the system isn't appropriate? I mean, there is language in the mandamus cases that suggests that the only way you can challenge delay is to say it's a delay that's unusual, that's not inherent in the system itself. So they're saying, well, what you're doing here is you're challenging the system and you're trying to get relief when the cause of the problem is lack of resources. Yes, Your Honor. The question of whether the – that's a mayor's question that's appropriate for remand. I understand. But, you know, that would be something that we'd have to plead. We could show that there – it was – amounted to an arbitrary refusal to act with regards to the class. But that's – we're far from that point. The CAVC never walked through that door of authority. No, I understand. But I'm just asking you to address it nonetheless. Of course. So what we'd imagine here is that if the CAVC had entertained that it had the authority, it would have done as it does in other mandamus petitions. It orders the secretary's response. The secretary could respond with regards to the class allegations. We could have a discussion about that. And as we pointed out in our petition, there's several different steps. There's delays at every step of the appellate process. The secretary says – and I think this is probably somewhat predictable – that we don't have the resources to do this faster. And unless Congress gives us the resources to do this faster, we can't do anything about it. And under those circumstances, you can't issue a written mandamus requiring us to do something which is impossible in light of our existing funding. What's your response to that? Well, again, Your Honor, that's downright – and I understand that – I still want your response to that. Veterans are the only public beneficiaries that are singled out that can't challenge VA delays in court. The VA never has to answer for its delays. We don't know if it's arbitrary. We don't know if it's – there hasn't been any fact-finding as to whether or not the delays at issue here are an arbitrary reflector. Suppose the record establishes that the delays are a result of lack of congressional funding. Can the CAVC and our court grant relief under those circumstances? Maybe, Your Honor. I'm not sure. It would depend on the particular fact-finding in that case. Again, the question of authority is an important one, and the CAVC never walked through that door. They only ordered a response, for instance, on the individual petition. Yeah, but you keep coming back to something other than what I'm asking. Thank you, Your Honor. The question of fact-finding – first of all, we shouldn't read into congressional inaction, and the order might spur congressional action. We're not sure. This is about the power of the CAVC as the competent judicial actor. Should a mandamus issue under those terms, even with a finding that Congress had underfunded? Maybe that was a contributing factor. It's the power of the CAVC to issue that order and the VA to respond accordingly, and then there could be a question of whether it was appropriate, the response. But, again, there's no reason that the veterans should face years of delay, four years on average at every stage of the process delays, 23 months strictly just to certify and appeal from the regional offices back to the VBA, just passing paperwork, taking 23 years. And veterans alone, among all other public beneficiaries, Medicaid recipients, Social Security recipients, immigrant respondents in court, are precluded from currently certifying or seeking aggregate relief based on the CAVC's erroneous holding of law. And so we would ask that this panel remand the case for further consideration, correcting the erroneous conclusion of law that the CAVC never has the authority to aggregate claims. Thank you, Your Honors. If you have no further questions. Okay. Thank you. The case is taken under submission. We compliment the students and your advisors for your presentation. You have your own, as well as counsel for the government. Thank you all.